## Joshua Converse *vs.* George Jennings.

A tender of the amount due for taxes on land advertised for sale for nonpayment of taxes, but not yet sold, need not include any fees of the collector for a levy upon the land, or for travel to make a return to the state and county treasurers, or for a commission on the tax.

Action of contract by a mortgagee in possession of lands in Needham, sold for nonpayment of taxes, against the collector of taxes, to recover back money paid under the following circumstances, which were agreed by the parties :

The lands were duly assessed to the mortgagor, for the state county and town taxes for 1857, and advertised for sale. Two days before the time appointed for the sale, the plaintiff tendered to the defendant payment of the taxes; but the defendant refused to receive them and stop the sale, and required, to redeem the lands and prevent the sale, the following additional sums, as legal costs and charges thereon : On each lot, $1.10 for a " levy; " $1.00 for " travel to make returns to respective state, county and town treasurers, twenty five miles at four

7 *

cents per mile;" "four per cent. on amount of tax levied;" and sixty five cents for advertising. And the plaintiff paid these charges under protest.

This case, which was pending in the county of Middlesex, was argued at Boston in February 1859.

*D. S. Richardson*, for the plaintiff.

*C. R. Train*, for the defendant.

DEWEY, J. The defendant, on a warrant held by him as a collector of taxes, illegally demanded and received of the plaintiff certain sums of money, which may be properly recovered back in the present action. The mere fact of advertising the plaintiff's land for sale for nonpayment of taxes did not give the collector the right to charge $1.10 for a levy on each parcel advertised or any of them, nor a fee "for travel to make returns on warrants to the State, county and town treasurers, at the rate of four cents a mile," nor a commission of four per cent. on the amount of the tax.

It is true that the Rev. Sts. *c.* 122, § 21, enact that "in all cases, not expressly provided for by law, the fees of all public officers, for any official duty or service, shall be at the same rate as those prescribed in this chapter for the like services." The proceedings by a collector who receives payment of the tax, after advertising, and before a sale by auction of the land taxed, are not sufficiently like those of a sheriff or his deputy who has satisfied an execution by a levy upon real estate, to make the above statute applicable to a collector who has merely advertised the property, and thereupon received the amount of the tax. The sheriff receives his entire compensation for his services, by the fees taxed on the execution, and he is, in each case, required to return such execution, with his doings thereon, to the clerk's office. The collector, on the other hand, has his compensation, for ordinary services, paid wholly by the town, when collecting under his general warrant. In case of no person appearing to pay the taxes at the time and place appointed for the sale, the land is advertised, and the collector is to sell so much as shall be sufficient to discharge such taxes and all necessary intervening charges.

Without deciding what charges would be proper in case of a sale, the court are of opinion that in case of payment of a tax, before sale, the charges to the extent here made were unauthor- ized. There was no levy upon the land. There was no return to be made of the proceedings of the collector as to the taxes assessed upon the plaintiff. When received, they were, like all other payments, to be duly accounted for by the collector. He had a right to be compensated for all the expenses of advertis- ing the land, and his incidental expenses connected therewith, and this might properly be added to the sum to be paid to discharge the tax. The charges for levy $1.10, and $1,00 for travel to make return of the warrant, and a commission of four per cent. on sales were unauthorized.

The case of *Howard* v. *Proctor*, 7 Gray, 129, where a commis- sion of four per cent. was allowed, was a case of an actual sale of land for taxes. That a party may pay the taxes at the time and place appointed for the sale of his real estate, is directly assumed in the Rev. Sts. *c.* 8, § 28. When he does thus pay the same, the collector will be entitled to all necessary interven- ing charges connected with the advertising, and for his attend ance at the time an[1] place of sale. *Judgment for the plaintiff.*